IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Greenpeace, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-02037-RMC |
| ) | |
| The Dow Chemical Company, *et al.*, ) | |
| ) | |

**PLAINTIFF GREENPEACE'S OPPOSITION TO
DEFENDANTS' MOTIONS TO STAY DISCOVERY**

**I.      BACKGROUND**

Greenpeace brought suit against Defendants The Dow Chemical Company, Sasol North America, Inc., Dezenhall Resources, Ltd., Ketchum, Inc., Timothy Ward, Jay Arthur Bly, Michael Mika, and George Ferris (collectively, the "Defendants") on November 29, 2010, for a variety of state and federal claims related to their practice of stealing Greenpeace's property and infiltrating its offices.[1] (*See* Compl. ¶¶ 1-2.)  On December 22, 2010, the Court granted a joint motion to extend the briefing schedule.  (Minute Order (Dec. 22, 2010).)  At the request of some Defendants, Greenpeace agreed to a second stipulation extending the schedule, which the Court granted on February 1, 2011.  (Minute Order (Feb. 1, 2011).)  After filing responses on the appointed date, each Defendant except for Sasol North America submitted to the Court a request to delay this case by staying discovery until after their numerous motions to dismiss are decided.  *See* Mem. of Law in Support of Def.

---

[1] Dow falsely asserts that "nowhere in its Complaint does Greenpeace identify any misconduct committed by Dow." Mem. of Law in Support of Def. The Dow Chem. Co.'s Mot. for Stay of Discovery, at 2.  The Complaint contains allegations that Dow, along with other Defendants, knowingly funded and planned the misconduct carried out by individual Defendants and others. (*See, e.g.*, Compl. ¶¶ 50 (alleging that Dow and others funded D-Lines and surveillance); 79 (alleging that Dow "participated in and acted in furtherance of a conspiracy to obtain confidential information from Greenpeace by unlawful means"); 100 (same); 152 (charging Dow with RICO violations).)

The Dow Chem. Co.'s Mot. for Stay of Disc. ("Dow Mot.") [Dkt. No. 50-1]; Def. Ketchum's Mot. to Stay Disc. ("Ketchum Mot.") [Dkt. No. 55]; Def. Dezenhall Resources Ltd.'s Mot. to Stay Disc. ("Dezenhall Mot.") [Dkt. No. 58]; Defs., Timothy Ward, Jay Bly, Michael Mika and George Ferris's Mot. to Stay Disc. ("Individual Defs.' Mot.") [Dkt. No. 59].[2]

## II.     STANDARD FOR DENYING PLAINTIFF ITS RIGHT TO DISCOVERY

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Defendants seek to deny Plaintiff the benefit of this Rule by urging the Court to stay discovery until the motions to dismiss are decided. *See, e.g.,* Dow Mot. at 2; Ketchum Mot. at 1. Rule 26(c) provides an exception to the rule that plaintiffs are entitled to liberal discovery; it allows the Court to issue a protective order restraining the scope of discovery or disclosure, but only "for good cause shown." Fed. R. Civ. P. 26(c); *see also Clemmons v. United States Dep't of Homeland Sec.*, No. 06-518, 2007 WL 2059796, at *1 (D.D.C. July 13, 2007) (observing that requesting a stay of discovery until motion to dismiss is decided is properly done via motion for protective order); *People With AIDS Health Group v. Burroughs Wellcome Co.*, No. 91-0574, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) (evaluating motion to stay discovery pending resolution of dismissal motions under Rule 26(c)). Defendants bear the burden of establishing good cause for a protective order by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied."); 8A Charles Alan Wright *et al.*, *Federal*

---

[2] Only Defendants Dow and Ketchum advance substantive arguments supporting their motions. Defendants Dezenhall, Ward, Bly, Mika, and Ferris incorporate the arguments made in these motions. *See* Dezenhall Mot. at 1-2; Individual Defs.' Mot. at 3. Defendant Sasol North America has not requested a stay.

*Practice and Procedure* § 2035 (3d ed. 2010).  In determining whether good cause has been shown, courts should balance the parties' interests to determine whether there is indeed good cause.  *United States v. Microsoft Corp.*, 165 F.3d 952, 960 (D.C. Cir. 1999). Thus, the relevant question is whether Defendants have demonstrated good cause, which they must do by making a particular and specific showing that the burden to them is on balance greater than Plaintiff's interest in proceeding with discovery.

### III.  BECAUSE TAILORED DISCOVERY WILL NOT BE BURDENSOME, A STAY IS INAPPROPRIATE AND WOULD RESULT ONLY IN PREJUDICE TO PLAINTIFF'S INTERESTS

Defendants do not meet their burden.  Rather, they make the broad claim that discovery is appropriately stayed where a motion to dismiss may dispose of all claims against them.  *See* Dow Mot. at 2-3; Ketchum Mot. at 1-2.  However, the cases that Defendants rely upon speak only to a "general" principle, and do not account for the particular circumstances of this case.  *See, e.g., Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (relying on language stating that discovery is "generally considered inappropriate" while a thoroughly dispositive motion is pending); *Anderson v. United States Attorneys Office*, No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (announcing general principle and relying on case that found no abuse of discretion in staying ongoing discovery before summary judgment).  Indeed, courts do not allow Defendants to merely recite this principle in a conclusory fashion and thereby bring litigation to a halt.  *See People with AIDS*, 1991 WL 221179, at *1 ("[B]are assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.") (quotations and citation omitted); *Chavous v. District of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 n.4 (D.D.C. 2001) (acknowledging that under *People with AIDS*, moving

party should offer more than "bald assertions"); *see also Moss v. Hollis*, Civ. No. 90-177, 1990 WL 138531, at *1 (D. Conn. June 29, 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision."); *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (reasoning that a court may "stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief") (internal quotation marks, citation omitted; emphasis in original).

In this case, the imposition of an across-the-board stay on discovery – before Greenpeace has propounded any discovery requests and before parties have even had the opportunity to engage in Rule 26(f) discussions – prejudices Plaintiff without justifiably relieving Defendants of any demonstrable burden. As discussed below, discovery would not be burdensome, and the dilatory effects of a stay would harm Plaintiff's interests in obtaining relevant evidence and ensuring that the case proceeds expeditiously. Further, several Defendants have filed an Answer or a motion for summary judgment, in which they deny or dispute the factual allegations in the Complaint. *See* [Def. Ferris's] Answer to Compl. [Dkt. No. 13]; [Def. Bly's] Answer to Compl. [Dkt. No. 44]; [Def. Mika's] Answer to Compl. [Dkt. No. 45]; [Def. Ward's] Answer to Compl. [Dkt. No. 47]; Def. George Ferris's Mot. for Summ. J. [Dkt. No. 46]. Such denials are not "purely legal" challenges to the sufficiency of Plaintiff's allegations. *See* Dow Mot. at 3; Ketchum Mot. at 2. Rather, they reflect a factual dispute that can only be resolved via discovery. Greenpeace is entitled to uncover what basis these Defendants have for denying the charges, especially because Greenpeace's Complaint provided great specificity about the dates and persons involved (including specific employees of the corporate Defendants) and the amounts of money that changed hands in furtherance of Defendants' scheme. Additionally, Defendant Sasol North America has not requested a

pause in the litigation, and therefore Greenpeace intends to engage in Rule 26(f) discussions with Sasol and begin discovery. Because discovery should not proceed piecemeal against only some parties, and because Defendants' motions fail to demonstrate good cause, discovery should proceed as contemplated under Rule 26.

### A. Defendants' Requests for a Stay Are Premature and Fail to Establish Good Cause for Suspending This Case.

As noted, there has not yet been any attempt to discuss discovery, pursuant to Rule 26(f). It is parties' obligation to meet and propose a discovery plan. *See* LCvR 16.1; *Beecham v. Socialist People's Libyan Arab Jamahiriya*, 424 F.3d 1109, 1111 (D.C. Cir. 2005) (stating that under Rule 26(f), "the burden of conferring and formulating a discovery plan in this case falls on the lawyers for the opposing sides"). The parties' deadline for conferring about discovery is April 26, 2011. That process, along with the Court's inherent power to manage the litigation, would likely lead to tailored and minimally burdensome discovery that need not wait until the multiple, lengthy motions to dismiss are resolved. *See Watts v. S.E.C.*, 482 F.3d 501, 507 (D.C. Cir. 2007) (noting broad discretion of trial judge to narrow discovery and dictate its sequence). Plaintiff submits that a motion to stay discovery without first discussing the contours of Greenpeace's requests is premature.

Indeed, Greenpeace believes that efforts by parties and the Court to narrow discovery would be fruitful. The universe of documents that Plaintiff seeks is not vast; in addition, some of the key individuals involved in the misconduct have been identified in the Complaint. Defendants make no claim that Plaintiff's allegations will result in voluminous or especially costly discovery, and given the level of detail and the information already possessed by Greenpeace, there cannot be (nor has there been) any argument that Plaintiff is undertaking a fishing expedition. Greenpeace seeks to supplement the records that it has obtained from a third party. Without engaging in a detailed discussion of matters that should

be raised in the 26(f) conference required under the federal rules (and without forfeiting the right to ask for additional material), Plaintiff would request, for example, payment and billing records between parties; communications to and from the key individuals identified in the Complaint; documents relating to scienter and the scope of Defendants' espionage and related activities; and the ability to depose key individuals and any witnesses identified by those individuals. Such a discovery plan is reasonable and far from burdensome. A wholesale stay of discovery is inappropriate in light of these modest requests. However, this is the first time that Defendants have learned of Greenpeace's position, because they sought to pause this litigation entirely at the moment they filed motions to dismiss.

Defendants improperly marshal case law about pleading standards to support a course of action not contemplated by the procedural rules. Dow suggests that *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) – two recent Supreme Court cases that clarified the standard for surviving a preliminary motion for dismissal – support the entry of a stay here. *See* Dow Mot. at 4; *see also* Ketchum Mot. at 2 (relying on *Iqbal*). However, Dow's reliance on *Iqbal* and *Twombly* is misplaced. These cases resolved the question of what the appropriate standard is for complying with Rule 8's pleading requirements. *Iqbal*, 129 S. Ct. 1949-51; *Twombly*, 550 U.S. at 556. They do not hold, nor even suggest, that discovery must not begin until the Court has ruled on a motion to dismiss. *See* Dow Mot. at 4 (citing *Iqbal* for proposition that party is not entitled to discovery where complaint has been found to be deficient; quoting *Twombly* passage that takes no position on when discovery should commence). The logic underlying the decisions actually favors Plaintiff, because it separates the question of which standards apply to a dismissal motion from the issues of discovery's scope and timing. *See Iqbal*, 129 S. Ct. at 1953 ("We have held, however, that the question presented by a motion to dismiss a

complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.") (citing *Twombly* passage quoted by Dow).

### B. Plaintiff Has a Substantial Interest in Ensuring that Discovery Proceeds Without Delay.

Defendants argue that any burden is magnified because the time period of the misconduct will require them to retrieve old information. *See* Ketchum Mot. at 1. However, as noted, the scope of the anticipated discovery is narrow, and confined to certain individuals, records, conduct, and periods of time. This reduces any burden that Defendants will experience. Additionally, the fact that the misconduct – which was concealed and therefore could not be discovered by Plaintiff's reasonable efforts – took place some time ago supports the contrary position: this litigation should not be further delayed. In such instances, courts regularly link the passage of time with the denial of justice. The "erosive effects of the passage of time" causes "evidence and witnesses [to] disappear, memories [to] fade, and events [to] lose their perspective." *Smith v. Hooey*, 393 U.S. 374, 380 (1969). Indeed, with each passing day, it becomes more likely that witnesses' testimony may be lost either due to the unavailability of the witness or the limits of memory, or that important documents, including emails and other electronic evidence, will be inadvertently deleted or misplaced. This is particularly true in a case such as this, where the concealed misconduct needs to be brought to light as soon as possible in order for Plaintiff to preserve material evidence that supports its claims. Any stay of this litigation will certainly exacerbate this problem.

Plaintiff has, as a matter of professional courtesy, twice consented to extending the motion to dismiss briefing schedule. Such reasonable and moderate accommodation of others' schedules reflects an approach superior to calling for a complete cessation of all litigation activity while briefs are pending. Defendants' sweeping request is unreasonable

given the anticipated nature of discovery, and the very real risk that responsive information is lost as a result of further delay.  Further, it inappropriately burdens the Court with the responsibility to initiate the discovery phase by deciding the several responsive pleadings before parties can proceed with the litigation.

## IV.     CONCLUSION

Defendants have failed to meet their burden to show good cause that a protective order should be issued.  The reasons advanced – that motions to dismiss are pending and that discovery would present a burden to Defendants – are conclusory, and fail to address the particularized interests that each party has at stake; indeed, the parties have not yet even met to discuss specific discovery requests.  Therefore, good cause has not been shown.  As contemplated by the federal rules, parties should discuss a reasonable approach to conducting discovery and then proceed as efficiently as possible.  Such an approach is most consistent with the principles underlying the federal rules, which is that they "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

By: */s/ Robert A. Cacace*
Robert A. Cacace
Kit A. Pierson
Victoria S. Nugent
George F. Farah
Emmy L. Levens
COHEN, MILSTEIN, SELLERS & TOLL P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:	(202) 408-4600
Facsimile:	(202) 408-4699

John P. Relman
Reed N. Colfax
RELMAN, DANE & COLFAX PLLC
1225 19th Street, N.W.
Washington, DC  20036
Telephone:  (202) 728-1888
Facsimile:   (202) 728-0848

Attorneys for Plaintiff Greenpeace USA

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Opposition to Defendants' Motions to Stay Discovery was served on counsel of record that have appeared in this action through the electronic filing system for the U.S. District Court for the District of Columbia on March 9, 2011:

*/s/ Robert A. Cacace*
Robert A. Cacace
COHEN, MILSTEIN, SELLERS & TOLL P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: rcacace@cohenmilstein.com

Attorneys for Plaintiff Greenpeace, Inc.