UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Greenpeace, Inc.

        Plaintiff,

v.

The Dow Chemical Company, *et al.*,

        Defendants.

Case No. 1:10-CV-02037-RMC
The Hon. Rosemary M. Collyer

**AFFIDAVIT OF VICTORIA S. NUGENT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR STAY OF ITS OPPOSITION TO <u>DEFENDANT GEORGE FERRIS'S MOTION FOR SUMMARY JUDGMENT</u>**

Victoria S. Nugent (D.C. Bar No. 470800)
Kit A. Pierson (D.C. Bar No. 398123)
Emmy L. Levens (D.C. Bar No. 997826)
Robert Cacace, Jr. (D.C. Bar No. 999006)
**COHEN, MILSTEIN, SELLERS & TOLL, PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3934
T: (202) 408-4600
F: (202) 408-4699

John P. Relman (D.C. Bar No. 405500)
Reed N. Colfax (D.C. Bar No. 471430)
**RELMAN, DANE & COLFAX PLLC**
1225 19th Street, N.W.
Washington, DC 20036
T: (202) 728-1888
F: (202) 728-0848

*Attorneys for Plaintiff Greenpeace, Inc.*

Victoria S. Nugent, being duly sworn, hereby deposes and says:

1. I am an attorney for Plaintiff in the above-captioned action and am fully familiar with the facts concerning this matter. I respectfully submit this affidavit in support of Plaintiff's application for a stay of its opposition to Defendant Ferris's Motion for Summary Judgment (the "Motion") pending the completion of additional discovery in this action pursuant to Federal Rule of Civil Procedure 56(d).

2. Plaintiff makes this application without waiving the right to oppose Defendant's motion on any grounds including, without limitation, its argument that the evidence in documents already obtained raises genuine, triable issues of material fact sufficient to defeat Defendant's motion, or that Defendant fails as a matter of law to carry his initial, threshold burden for purposes of summary judgment under Fed. R. Civ. P. 56 based on the numerous procedural and substantive deficiencies in his Motion.

3. Plaintiff requests additional discovery pursuant to Rule 56(d) about the arguments, and the allegations of fact upon which such arguments are premised, that Defendant has advanced as grounds for summary judgment regarding the following issues:

    - Defendant Ferris's length of employment at Beckett Brown International, Inc. ("BBI");
    - Defendant Ferris's duties and responsibilities as an employee of BBI;

- Defendant Ferris's participation in physical and electronic surveillance of Greenpeace's offices as an employee of BBI;

- Defendant Ferris's participation in "D-Lines" against Greenpeace;

- Projects and/or assignments Defendant Ferris worked on with Defendants Ward, Mika and Bly;

- Defendant Ferris's participation in any projects relating to Greenpeace;

- Defendant Ferris's work for or on behalf of CONDEA Vista, Dow Chemical, Nichols-Dezenhall, or Ketchum;

- Defendant Ferris's knowledge of work performed by BBI for or on behalf of CONDEA Vista, Dow Chemical, Nichols-Dezenhall, or Ketchum;

- Defendant Ferris's advice or suggestions to BBI employees or agents to obtain false IDs, purchase various equipment, forms and work uniforms for use in surveillance;

- Defendant Ferris's knowledge of BBI or its agents obtaining false IDs, purchasing various equipment, forms and work uniforms for use in surveillance.

The requested evidence will also assist Plaintiff to establish triable issues of fact.

4. As detailed below, Plaintiff requests the following discovery:

- Documents concerning Defendant Ferris's employment at BBI.

- Documents concerning Defendant Ferris's duties and responsibilities as an employee of BBI;

- Documents concerning Defendant Ferris's participation in physical and electronic surveillance of Greenpeace's offices as an employee of BBI;

- Documents concerning Defendant Ferris's participation in "D-Lines" against Greenpeace;
- Documents concerning projects and/or assignments Defendant Ferris worked on with Defendants Ward, Mika and Bly;
- Documents concerning Defendant Ferris's participation in any projects relating to Greenpeace;
- Documents concerning Defendant Ferris's work for or on behalf of CONDEA Vista, Dow Chemical, Nichols-Dezenhall, or Ketchum;
- Documents concerning Defendant Ferris's knowledge of work performed by BBI for or on behalf of CONDEA Vista, Dow Chemical, Nichols-Dezenhall, or Ketchum;
- Documents concerning Defendant Ferris's advice or suggestions to BBI employees or agents to obtain false IDs, purchase various equipment, forms and work uniforms for use in surveillance;
- Documents concerning Defendant Ferris's knowledge of BBI or its agents obtaining false IDs, purchasing various equipment, forms and work uniforms for use in surveillance.
- A deposition of Defendant Ferris to: (1) inquire about the facts contained in his Affidavit in support of his motion for summary judgment, dated February 15, 2011; (2) authenticate and explain the documents produced in Plaintiff's opposition to Ferris's motion for summary judgment; and (3) inquire about the discovery topics outlined above.

5. Plaintiff has had no opportunity to conduct discovery into these issues. Indeed, although Plaintiff received some documents when one of BBI's former principals publicly revealed the unlawful activities alleged in the Complaint and made some records of these activities available to Greenpeace, discovery has not formally commenced in this action.

## I.    ARGUMENT

6. The D.C. Circuit has interpreted Rule 56(d)[1] to provide that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion or deny the motion in its entirety. Summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997). "The purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, Civ. No. 01-1054, 2003 WL 21486821, at *2 n. 5 (D.D.C. Mar. 18, 2003) (citation omitted).

7. In *Klayman v. Judicial Watch, Inc.*, Civ. No. 06-670, 2007 WL 1034937 (D.D.C. Apr. 3, 2007), the Court held that a party seeking the protection of Rule 56(d) "must state by affidavit the reasons why he is unable to present the necessary opposing material." *Id.*, at * 6 (citation omitted). "The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion." *Id.* (citation omitted). The non-

---

[1] In the 2011 edition of the Federal Rules of Civil Procedure, Rule 56(f) was re-designated as 56(d). The amendments to the Federal Rules of Civil Procedure note that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56(d) cmt. Subdivision (d) (2010 Amendments).

5

975376.1 1

moving party "must also show a reasonable basis to suggest that discovery might reveal triable issues of fact." *Id.* (citation omitted).

8. Plaintiff's discovery requests are based entirely on information gleaned from the documents made available to Greenpeace by one of BBI's former principals and Defendant Ferris's affidavit in support of his motion for summary judgment. The documents Plaintiff has and Mr. Ferris's affidavit cannot be reconciled and point to the need for further discovery into the true nature of Defendant's employment with BBI.

## II. FACTS SOUGHT BY PLAINTIFF AND HOW THEY ARE TO BE OBTAINED

9. Plaintiff is entitled to discovery responsive to Plaintiff's Requests for Production of Documents pursuant to Rule 56(d). A copy of Plaintiff's Requests for Production of Documents is described below.

### A. Request for Documents Concerning Ferris's Employment with BBI.

10. Plaintiff requests documents regarding: Ferris's Employment with BBI; his involvement in the Greenpeace projects and his work for or on behalf of CONDEA Vista, Dow Chemical, Nichols-Dezenhall, or Ketchum; his knowledge of BBI's work for or on behalf of CONDEA Vista, Dow Chemical, Nichols-Dezenhall, or Ketchum; Ferris's advice or suggestions to BBI employees or agents to obtain false IDs, purchase various equipment, forms and work uniforms for use in surveillance, and; Ferris's personal knowledge of BBI employee or agents obtaining false IDs, purchasing various equipment, forms and work uniforms for use in surveillance. These requests include documents showing memoranda, reports, meeting minutes, and correspondence regarding any of the above-mentioned topics.

11. Plaintiff seeks documents to contradict Defendant Ferris's affidavit in support of summary judgment and show his involvement in BBI's Greenpeace-related projects.

### B. Deposition Discovery

12. Plaintiff has not had an opportunity to take a deposition in this matter. Yet depositions are "widely thought to be the most important step of the formal discovery process," *Subrin et al.*, Civil Procedure: Doctrine, Practice, and Content 350 (2000), and the testimony of qualified deponents can be an efficient and effective means of resolving differing interpretations of written documents.

13. Plaintiff requests a deposition of Defendant Ferris in order to confirm information contained in the documents produced in support of Plaintiff's opposition to Ferris's motion for summary judgment (*see* Exhibits A through H, P's Opp. Mot. Sum. Judg.) and to discover information responsive to the topics identified in Plaintiff's request for documents.

### III. EFFORTS BY PLAINTIFF TO OBTAIN DISCOVERY AND WHY THOSE EFFORTS WERE UNSUCCESSFUL

14. Defendant Ferris (represented by W. Scott Sonntag) filed an Answer to the Complaint on December 20, 2010. Shortly thereafter, Plaintiff's counsel was contacted by a law firm (Cowdrey Thompson) representing all four individual Defendants (George Ferris, Timothy Ward, Michael Mika and Jay Arthur Bly), seeking an enlargement of time to respond to the Complaint. Plaintiff advised Brynja Booth of Cowdrey Thompson that the Court had entered an order setting a schedule for the filing of Defendants' responsive pleadings or papers. Ferris filed a motion for summary judgment in accordance with this schedule on February 18, 2011; he then filed a motion to dismiss the Complaint on February 22, 2011 and a motion to stay discovery on February 23, 2011. Defendants Dow, Ketchum, Dezenhall, Ward, Mika and Bly also moved to stay discovery. No scheduling conference has been set in the case and the deadline for submitting a discovery report under the Rules is May 10, 2011. As such, no discovery has taken place yet.

## IV. WHY THIS EVIDENCE CREATES A GENUINE ISSUE OF FACT

15. Plaintiff's claims for trespass, invasion of privacy by intrusion, conversion, trespass to chattel, misappropriation of trade secrets and violation of RICO, 18 U.S.C. § 1962(c) & (d) rely on a theory that attributes liability to Defendant Ferris – namely, direct participation. *See* Compl., ¶¶ 113, 119, 128, 133, 143, 170, 179. At this stage, Defendant Ferris has suggested that Plaintiff has not raised genuine issues of material fact as to the whether Ferris was employed by BBI during the time frame in the Complaint and whether he participated in the unlawful schemes.

16. Based on information obtained by the Plaintiff, there are reasonable grounds to believe that the further discovery requested herein will assist Plaintiff to create genuine, triable issues of material fact.

17. The documents already in Plaintiff's possession indicate that (1) Ferris was employed by BBI during the time period referenced in the Complaint; (2) Ferris participated in BBI projects relating to Greenpeace; (3) Ferris participated in "D-Lines" involving Greenpeace; and (4) Ferris advised BBI that BBI should obtain false IDs and purchase equipment to generate photo credentials, work order forms and generic work uniforms for use in future surveillance operations. This evidence suggests that discovery into Ferris's employment history at BBI and depositions about Ferris's involvement with BBI matters relating to Greenpeace will help Plaintiff raise genuine, triable issues of material fact on its liability theory.

18. Accordingly, each of the Rule 56(d) discovery requests for production of documents and depositions are targeted, relevant, and necessary for clarifying the facts adduced to date, and thus likely to assist Plaintiff in raising genuine, triable issues of material fact at summary judgment on Plaintiff's theory of liability.

I declare, under pains of perjury, that the above is true and correct to the best of my knowledge.

_____
Victoria S. Nugent

Subscribed and Sworn to before me this

25th day of March, 2011

_____
Notary Public

My Commission Expires: Dec. 14, 2011
975376.1 1

BERNADETTE SMITH
NOTARY PUBLIC
District of Columbia
My Commission Expires December 14, 2011

9

975376.1 1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Affidavit of Victoria S. Nugent in Support of Plaintiff's Application for Stay of its Opposition to Defendant George Ferris's Motion for Summary Judgment was served on counsel of record who have appeared in this action through the electronic filing system for the U.S. District Court for District of Columbia on March 25, 2011.

/s/ Victoria S. Nugent